1IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 19-mj-00194

UNITED STATES OF AMERICA,

      Plaintiff,

v.

PATRICK M. DOYLE,

      Defendant.

---

## ORDER OF DETENTION

---

      This matter was before the Court for a detention hearing on August 28, 2019.  Assistant United States Attorney David Tonini represented the government, and Edward Harris represented the Defendant.  The Defendant contested detention.

      The Court has concluded, by a preponderance of the evidence, that no condition or combination of conditions of release will reasonably assure the appearance of the Defendant at future judicial appearances, based on the attached findings.

      IT IS HEREBY ORDERED that the Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

      IT IS FURTHER ORDERED that the Defendant is to be afforded reasonable opportunity to consult confidentially with defense counsel; and

      IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

      DATED and ENTERED this 28th day of August, 2019.

            By the Court:

            S/Michael E. Hegarty
            Michael E. Hegarty
            United States Magistrate Judge

United States v. Patrick M. Doyle
Case No. 19-mj-00194

### FINDINGS OF FACT, CONCLUSIONS OF LAW, and
### REASONS FOR ORDER OF DETENTION

In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community.

If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, or if the defendant is charged with a crime of violence, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1)     [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2)     the weight of the evidence against the person;

(3)     the history and characteristics of the person, including –

(A)     the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B)     whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4)     the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The Court has taken judicial notice of the court's file, the pretrial services report, and the comments of counsel at the hearing. Weighing the statutory factors set forth in the Bail Reform Act,

1

I find the following:

First, the Indictment which has issued in this case charges Defendant with a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) - Possession with Intent to Distribute a Controlled Substance (MDMA); and 18 U.S.C. § 1956(a)(1)(B) - Money Laundering.  The rebuttable presumption of detention applies here.

Second, I note that in light of the preliminary hearing in this case, probable cause exists to sustain the charges brought against Defendant.

Third, I find by a preponderance of the evidence that the Defendant presents a risk of nonappearance because (1) the Defendant, in the prime of his life and with no prior prison experience, is facing a significant amount of prison time (upwards of 12-14 years according to the government, perhaps as low as 6-7 years according to defense counsel), which provides a serious incentive to flee; (2) the Defendant is very sophisticated in his ability to assume alter egos or false identities; (3) the Defendant has used numerous aliases; (4) the Defendant has virtually no ties to Colorado other than his apparent drug trafficking operation being based here since he moved here in 2016; (5) the Defendant is unemployed and has no apparent sources of income other than drug proceeds; (6) the Defendant attempted to flee when first contacted in this case by law enforcement officers; and (7) the Defendant is very adept in his technology skills, dealing with crypto currencies that would facilitate his travel anywhere in the world.  In light of the presumption in this case, I believe the needle has been moved sufficiently against any conditions of release to justify detention here.

As a result, after considering all of these factors, I conclude there is a preponderance of the evidence, that no condition or combination of conditions of release will reasonably assure the appearance of the Defendant at future proceedings, especially in light of the presumption here, and Defendant is remanded to the custody of the U.S. Marshal.

2